**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| QUINCY LAMON WALTERS, #35167-177, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:09-CV-903-N |
| § | | (3:06-CR-0262-N(02)) |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in

implementation thereof, this case has been referred to the United States Magistrate Judge. The

findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his

signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* motion to vacate, set aside, or correct sentence brought by

a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Petitioner is currently confined within the Federal Bureau of Prisons (BOP) at

FCC Beaumont in Beaumont, Texas. The court did not issue process in this case, pending

preliminary review.

Statement of the Case: Petitioner pled guilty pursuant to a plea agreement to the offenses

of bank robbery and using, carrying, and brandishing a firearm during and in relation to a crime

of violence in violation of 18 U.S.C. § 2113(a) and (d), and 18 U.S.C. § 924(c)(1)(A). *United

States v. Walters,* 3:06cr262-N(02) (N.D. Tex.). On April 21, 2008, the District Court entered

judgment sentencing Petitioner to 130 months imprisonment on count 1, and 84 months

imprisonment on count 2, to run concurrently, a five year term of supervised release, and restitution in the amount of $1,414.11. *Id.* Although Petitioner appealed his sentence, he subsequently moved to dismiss the appeal. *See* Appeal No. 08-10346.

On May 14, 2009, Petitioner filed this timely § 2255 motion. In four grounds, he alleges the trial court failed to depart downward, his guilty plea was coerced and involuntarily entered, and his trial and appellate attorney rendered ineffective assistance of counsel.

Findings and Conclusions: Rule 4(b), of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

In his first ground, Petitioner asserts the sentencing court misapprehended its authority to depart below the U.S. Sentencing Guidelines (USSG). In support, he cites USSG §§ 5K2.0, 5H1.6, and 5K2.12. Misapplication of the Sentencing Guidelines does not give rise to a constitutional issue cognizable under 28 U.S.C. § 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994). Under § 2255, a petitioner may raise only constitutional errors and other injuries that could not have been raised on direct appeal and that will result in a miscarriage of justice if left unaddressed. *See Faubion,* 19 F.3d at 233. Therefore, Petitioner's first ground is not cognizable under § 2255 and should be summarily dismissed.

Petitioner's second ground fares no better. Petitioner asserts that his guilty plea was coerced and involuntary. He contends he was misinformed about the nature and the essential

2

elements of his crimes.  He also contends counsel coerced him into pleading guilty by promising him that he would inform the court at sentencing of mitigating circumstances, specifically his diminished capacity and the duress/coercion that preceded the bank robbery.  In support of the latter, he explains he was coerced into committing the bank robbery to pay for a drug debt, or his pregnant wife and daughter would be killed.  (*See* Typewritten attachment to § 2255 Mot. at 1-4).

Petitioner's own statements under oath at the re-arraignment hearing refute each of the above allegations.  The record reflects Petitioner was aware of the nature and the essential elements of his crimes.  Although Petitioner waived the reading of the indictment, the prosecutor summarized the essential elements of the offenses into the record.  (Re-arraignment Tr. at 4 and 8-9).  Petitioner confirmed that he understood each offense and its essential elements.  (*Id.*).  Petitioner also confirmed the accuracy of the factual resume that he had previously signed.  (*Id.* at 15).  In pertinent part the factual resume stated that Petitioner had committed each of the elements for the bank robbery and firearm offenses.  (Factual Resume at 2).

Throughout the re-arraignment hearing, Petitioner assured the court that his plea was voluntary.  He confirmed that he wished to proceed with his guilty plea and forfeit his right to a jury trial. (Re-arraignment Tr. at 5-6, and 10-11).  With respect to his trial counsel, Petitioner stated that he was satisfied with his counsel's performance, and that no one had attempted in any way to force him to plead guilty, made any promises, or predicted his sentence. (*Id.* at 10-11).  The re-arraignment transcript reads in pertinent part as follows:

> THE COURT: Outside of this written plea agreement has anybody made any promises to you at all to get you to plead guilty here today?
>
> MR. WALTERS: No, sir.

THE COURT: Do you understand if your guilty plea is accepted by Judge Godbey you will be adjudged guilty to these offenses, and your punishment will be assessed somewhere within the range of punishment provided by statute?

MR. WALTERS: Yes, sir.

THE COURT: Did you voluntarily and of your own free will enter into this agreement?

MR. WALTERS: Yes, sir.

(*Id.* at 11).

"Ordinarily a defendant will not be heard to refute his testimony given under oath." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). "'Solemn declarations in open court carry a strong presumption of verity,' forming 'formidable barrier in any subsequent collateral proceedings.' *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S. Ct. 1621 (1977)." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

In his third ground, Petitioner alleges counsel rendered ineffective assistance at sentencing. When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of trial counsel, he must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-694, 104 S. Ct. 2052 (1984). An increase in prison sentence, resulting from an error in Sentencing Guidelines determination, generally constitutes prejudice required for establishing ineffective assistance of counsel at sentencing. *Glover v. United States*, 531 U.S. 198, 202-204, 121 S. Ct. 696 (2001).

Petitioner asserts counsel failed to investigate fully and present to the court all mitigating circumstances (including his diminished capacity and duress/coercion that preceded the bank robbery) and to request a downward departure.

Twelve days prior to sentencing, defense counsel filed a motion requesting a psychiatric/psychological examination of the Petitioner.  (Doc. #87 in 3:06cr0262-N).  In support, he relied on a letter, received only a few days earlier, from Dr. Glenda Carter (Petitioner's cousin) informing the court that as a child Petitioner had suffered from Attention Deficit Disorder for which he took the drug Ritalin.  Dr. Carter related that Ritalin had been linked in recent years to antisocial behavior bordering on schizophrenia, and that Petitioner's "thought patterns and resulting behavior [were] classic [examples] of this finding."  It appears the trial court did not rule on the above motion prior to sentencing.  Nevertheless, at sentencing counsel presented the testimony of Dr. Glenda Carter, who reiterated the statements made in her letter regarding the side effects of Ritalin.  (Sent. Tr. at 8-9).

Regardless of the side effects of Ritalin, the trial court could not have departed downward on the basis of diminished capacity because Petitioner's offenses were violent in nature.  USSG § 5K2.13 (2nd paragraph) provides that the court cannot depart below the applicable guideline range when "the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence."

Moreover, Petitioner's own allegations in the § 2255 motion establish that he did not suffer from a "significantly reduced mental capacity," a pre-requisite for a downward departure under that section.  *See* USSG § 5K2.13 ("A downward departure may be warranted if (1) the

defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense."). According to the commentary a "'[s]ignificantly reduced mental capacity' means the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior compromising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful."

Petitioner's reliance on USSG § 5K2.12, which addresses coercion and duress, fares no better. That section provides that "[i]f the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court *may* depart downward." In support Petitioner reiterates the self-serving, conclusory assertion (raised and rejected in his second ground *supra*) that he was coerced into committing the bank robbery to pay for a drug debt, or his pregnant wife and daughter would be killed.

Petitioner also relies on USSG 5K2.0, which sets out other grounds for upward and downward departures. He provides no arguments or details as to which subsection could have applied to him. While the court must construe a *pro se* § 2255 motion liberally, conclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)); *United States v. Jones*, 614 F.2d 80, 81 (5th Cir. 1980) (conclusory statements insufficient to state a constitutional claim in a § 2255 proceeding); *United States v. Daniels*, 12 F.Supp.2d 568, 575 (N.D. Tex. 1998) (conclusory allegations cannot serve as basis for a claim of ineffective assistance of counsel in § 2255 proceeding).

Lastly, Petitioner contends that counsel misled him regarding the plea agreement, which Petitioner understood to recommend only an 84 month sentence. This allegation is refuted by the plea agreement and re-arraignment transcript, which set out the punishment that Petitioner would be facing. Specifically, Count 2 (the firearm count) carried a *mandatory*, *consecutive* sentence of 84 months. (Plea Agreement at ¶ 3 and Re-Arraignment Tr. at 12). This allegation is also refuted by Petitioner's own testimony that *no* promises had been made. (Re-arraignment Tr. at 11).

Petitioner's allegations in support of his third ground do not demonstrate deficient performance on the part of defense counsel at sentencing. Clearly defense counsel is not required to raise frivolous objections. *United States v. Preston,* 209 F.3d 783, 785 (5th Cir. 2000) (citing *Green v. Johnson,* 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness...."). Accordingly, the third ground should be summarily dismissed.

The last ground should also be dismissed. Petitioner alleges ineffective assistance of appellate counsel. He contends that counsel failed to file a notice of appeal and, after Petitioner filed his *pro se* notice of appeal, counsel abandoned the appeal claiming a conflict of interest.

This claim is patently frivolous. The plea agreement waived Petitioner's right to file a direct appeal except under specific enumerated exceptions, clearly inapplicable in his case. (*See* Plea Agreement at ¶ 10). In addition, Petitioner voluntarily moved to dismiss his direct appeal, conceding that his ineffective assistance claims would best be addressed in a § 2255 proceeding.

7

(*See* Petitioner's motion to dismiss appeal filed on March 10, 2009, in Appeal No. 08-10346).

RECOMMENDATION:

      For the foregoing reasons it is recommended that Petitioner's motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 be summarily DISMISSED.  *See* Rule 4 of the Rules Governing § 2255 Cases.

      Signed this 7th  day of October, 2009.


_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

      A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.